does not create an actual conflict, there is no choice of law issue. *Jepson v. General Cas. Co. of Wisconsin,* 513 N.W.2d 467, 469 (Minn. 1994). Since both states require the same level of proof, we need not reach the question of which state law is applicable under the agreements among the parties.

We further hold that the totality of respondent's proof of novation falls short of the high standard of proof under Minnesota and Illinois law that the contract holders intended to release IAD from performance under the contracts and to look only to IAI. That the policyholders here were provided with the opportunity to object can hardly rise to the level of a clear expression of intent to accept a release of the initial obligor and accept a substitute, particularly in light of expressions of assurance that the reinsurance treaty "will in no way affect the benefits afforded you under the agreement"—an indication that perhaps even IAD did not intend a novation.

The decision of the court of appeals is reversed and summary judgment reinstated in favor of appellants.

Reversed.

peals cases in support of its argument that Illinois·law requires that a novation be proven by a preponderance of the evidence only, a lesser standard of proof than Minnesota's "clear and definite" standard. As lower court opinions, we will not assume they overturn the standard adopted by the Illinois Supreme Court in *Burnett.* Furthermore, we do not read any of the cited cases as applying a preponderance of the evidence standard to the determination of whether a novation has been agreed to by all parties. In *United States Fidelity and Guar. Co. v. Klein Corp.,* 190 Ill.App.3d 250, 146 Ill.Dec. 848, 852, 558 N.E.2d 1047, 1051 (1989), the Illinois Court of Appeals did not address the question of whether a novation had occurred because the defendants had failed to plead novation as an affirmative defense. In *Greenbaum & Browne, Ltd. v. Braun,* 88 Ill.App.3d 210, 43 Ill.Dec. 303, 410 N.E.2d 303 (1980), the court set out the elements of a novation, the first of which is "a previous, valid obligation." *Id.* at 307, 410 N.E.2d at 307. The court did not address the issue of whether the second element, "a subsequent agreement by all the parties to the new contract," had been proven because it held that the plaintiff had

**Bruce H. DANIELSON, Respondent,**

v.

**MESABI MECHANICAL ENGINEER-ING CONTRACTORS and Reliance Insurance Co., Relators.**

**No. C7-97-1171.**

Supreme Court of Minnesota.

Aug. 26, 1997.

John T. Thul, Minneapolis, for Relators.

Thomas R. Longfellow, St. Paul, for Respondent.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals, filed June 2, 1997, be, and the same is, affirmed without opinion. *See* Minnesota

failed to prove by a preponderance of the evidence that there was a valid obligation in the first instance. *Id.* In light of *Burnett,* we assume Illinois courts would apply that higher standard of proof as to whether all parties had agreed to a novation. Finally, in *Phillips and Arnold, Inc. v. Frederick J. Borgsmiller, Inc.,* 123 Ill.App.3d 95, 78 Ill.Dec. 805, 810, 462 N.E.2d 924, 929 (1984), the court cited the "preponderance of the evidence" language of *Greenbaum,* but then held that no novation had occurred where the creditor had merely accepted partial payment from an additional obligor because "[i]n the absence of *clear proof* of novation," a third person's assumption of the obligation simply makes the third person an additional obligor. *Id.* at 810, 462 N.E.2d at 929 (emphasis added). Our conclusion that these three cases have not changed the standard set out in *Burnett* appears to be in accord with *Security Benefit Life. Ins. Co. v. F.D.I.C.,* 804 F.Supp. 217, 227 (D.Kan.1992), where Kansas and Illinois law were perceived as being in accord and *Burnett* was cited as requiring a novation to be proven by "clear and competent legal evidence."

Rules of Civil Appellate Procedure 136.01, subdivision 1(b).

Employee is awarded $400 in attorney fees.

BY THE COURT:

/s/ Sandra Gardebring
　　Sandra Gardebring
　　Associate Justice

■

**Chariese K. DeSMET, Relator,**

v.

**MINNEOTA MANOR HEALTHCARE and American Compensation Insurance/RTW, Inc., Respondents,**

and

**MN Department of Human Services, Intervenor.**

**No. C1–97–1053.**

Supreme Court of Minnesota.

Aug. 26, 1997.

DeAnna M. McCashin, Alexandria, for Chariese K. DeSmet.

Peter M. Banovetz, Minneapolis, for Minnesota Manor Health Care and American Compensation Insurance/RTW.

Kathy Sorenson, Benefit Recovery Section, Minnesota Department of Human Services, St. Paul, for Minnesota Dept. of Human Services.

**ORDER**

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed May 16, 1997, be, and the same is, affirmed without opinion. *See* Minnesota Rules of Civil Appellate Procedure 136.01, subdivision 1(b).

BY THE COURT:

/s/ K.A. Blatz
　　K.A. Blatz
　　Associate Justice

■

**Kenneth J. FUNK, Respondent,**

v.

**ACI OF NORTHERN MINNESOTA and Minnesota Workers' Compensation Assigned Risk Plan, administered by Berkley Administrators, Relators.**

**No. CX–97–1021.**

Supreme Court of Minnesota.

Aug. 27, 1997.

Ronald Drewski, Drewski & Lindberg, P.A., Sauk Rapids, for Respondent.

Mark G. Pryor, Brown & Carlson, P.A., Minneapolis, for Relators.

**ORDER**

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed May 8, 1997, be, and the same is, affirmed without opinion. *See* Minnesota Rules of Civil Appellate Procedure 136.01, subdivision 1(b).

Employee is awarded $400 in attorney fees.

BY THE COURT: